NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                          :
CHARLES BEAMON,                           :
                                          :    Civil Action No. 04-1471 (JLL)
                    Petitioner,           :
                                          :
        v.                                :    O P I N I O N
                                          :
ROY L. HENDRICK, et al.,                  :
                                          :
                    Respondents.          :
_____ :

**APPEARANCES:**

   CHARLES BEAMON, #253668/492009B, Petitioner Pro Se
   New Jersey State Prison
   P.O. Box 861
   Trenton, New Jersey  08625

   STEVEN E. BRAUN, Chief Assistant Prosecutor
   Office of the Passaic County Prosecutor
   401 Grand Street
   Paterson, New Jersey 07505-2095
   Trenton, New Jersey 08625
   Attorneys for Respondents

**LINARES, District Judge.**

   Charles Beamon ("Beamon"), a state prisoner who is confined at New Jersey State

Prison in Trenton, New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254(a).  Before the Court are two motions, (1) the Prosecutor's motion to dismiss on statute of

limitations grounds and (2) Petitioner's motion in opposition to the motion to dismiss. For the reasons expressed below, the Court will grant Respondents' motion to dismiss the Petition as untimely, deny and dismiss Petitioner's motion in opposition, and decline to issue a certificate of appealability.

## BACKGROUND

Petitioner was convicted on June 18, 1993, in the New Jersey Superior Court. (Pet., p.4.) The New Jersey Appellate Division affirmed his conviction on June 27, 1995. (Motion to Dismiss.) The Supreme Court of New Jersey denied certification on November 2, 1995. (Id.) Petitioner did not seek certiorari form the United States Supreme Court.[1] Hence, his conviction became final on February 2, 1996. As the provisions of the Antiterrorism and Effective death Penalty Act of 1996 (AEDPA) became effective on April 24, 1996, Petitioner had a one-year grace period, or until April 24, 1997, to apply for habeas relief.

Following the enactment of this one-year period of limitations, the Third Circuit Court of Appeals interpreted the amendment to provide for a "one year grace period" following its effective date of April 24, 1996. As a result, a petitioner whose conviction was final prior to the enactment of the limitations period was permitted to file for federal habeas corpus relief before April 24, 1997. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) ("applying § 2244(d)(1)

---

[1] Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the one-year limitations period begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).

to bar the filing of a habeas petition before April 24, 1997, where the prisoner's conviction became final before April 24, 1996, would be impermissibly retroactive").

Section 2244 further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner applied for state post-conviction relief, but did not file that application until July 16, 1997. Thus that application did not toll the limitations period, which expired on April 24, 1997.

## DISCUSSION

**A.**     **Statute of Limitations**

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final
> by the conclusion of direct review or the expiration
> of the time for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such state action;
>
> (C) the the date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if the right
> has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or

3

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>> ...

28 U.S.C. § 2244(d)(1).

The applicable limitations period in Petitioner's case is 28 U.S.C. § 2244(d)(1)(A). Petitioner was convicted on June 18, 1993.  (Pet., p.4.)  The trial court's conviction and sentence was affirmed by the New Jersey Appellate Division on June 27, 1995.  The New Jersey Supreme Court denied certification on November 2, 1995.  Petitioner then had 90 days in which to file a Petition for a Writ of Certiorari with the United States Supreme Court.  Petitioner does not appear to have filed for a Writ of Certiorari to the United States Supreme Court; therefore, his avenue of direct appeal of his conviction came to an end approximately 90 days after the New Jersey Supreme Court denied certification, or April 23, 1996.  See Kapral, supra., 166 F.3d 565, 575 (3d Cir.1999) (direct review of a state court criminal judgment includes the right to seek certiorari review in the United States Supreme Court., citing Barefoot v. Estelle, 463 U.S. 880, 887 (1983)).  "Prior to the expiration of the time for certiorari review, a conviction is simply not 'final'. . . ."  Kapral, 166 F.3d at 575.

As Petitioner's route of direct appeal ended before the effective date of the AEDPA on April 24, 1996, Peterson's Petition for a writ of habeas corpus had to be filed with the Clerk of this Court by April 24, 1997 in order to be timely under § 2244(d), unless the limitations period is statutorily and/or equitably tolled.  See Miller v. Dragovich, 311 F.3d 574, 576 (3d Cir. 2002); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (in cases in which a prisoner's conviction had become final before April 24, 1996, there would be a one-year grace period following the

effective date of the AEDPA in which to file a petition for habeas corpus relief).  Pursuant to the grace period applicable to convictions becoming final before the effective date of the AEDPA, Petitioner had one year, or until April 24, 1997, in which to file a Petition for a Writ of Habeas Corpus.  Petitioner submitted an application for state post-conviction relief on July 16, 1997. Petitioner did not submit the present application until March 29, 2004, well after the expiration date of the limitations period.

**B.     Tolling**

The statute of limitations under 28 U.S.C. § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling.  Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 124 S.Ct 317 (2003) (limitations period is statutorily tolled during the time a "properly filed" application for state post-conviction review is pending in state court; equitable tolling is a judicially crafted exception, citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)).  The record indicates that Petitioner did not apply for state post-conviction review after his direct appeal became final on April 23, 1996, until July 16, 1997, over one year after the expiration of the limitations period.  (Answer to Petition.)  Petitioner submitted his application for habeas corpus relief on March 29, 2004, years after the limitation period expired.

As noted above, the AEDPA statute of limitations is also subject to equitable tolling. Merritt,  supra; Miller v. N.J. State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Such tolling is applicable

> only when the principle of equity would make
> the rigid application of a limitation period unfair.
> Generally, this will occur when the petitioner
> has in some extraordinary way been prevented
> from asserting his or her rights.  The petitioner

> must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.
> [Id.]

Equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, supra, 195 F.3d at 159 (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). Petitioner has not demonstrated that he, in some extraordinary way, was prevented from asserting his rights, mistakenly asserted his rights in the wrong forum, or was misled. Moreover, after independent review of the record, the Court and can discern no extraordinary circumstances warranting equitable tolling.

**C.    Certificate of Appealability**

Finally, the Court must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(C)(2).

When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either

6

that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted." Id.

As explained above, the Court has concluded that this Petitioner's application is time barred, and that neither the statutory tolling provision nor the doctrine of equitable tolling renders his Petition timely.  The Court is persuaded that reasonable jurists would not debate the correctness of these conclusions.  Therefore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and  no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(C).  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## CONCLUSION

For the foregoing reasons, the Court will grant the motion to dismiss the Petition for Habeas Corpus Relief, deny Petitioner's motion in opposition, and decline to issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253(C).

An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

DATED: September 27, 2005